ILLINOIS CENTRAL R. CO. v. SHACKLEFORD.

[71 South. 298.]

CARRIERS. *Passengers. Inadequate accommodations. Compensatory and punitive damages.*

Where defendant railroad stopped a train at a nonstop station for the accommodation of plaintiff and her friends, and plaintiff and her friends by the direction of the conductor were assigned to a baggage car and rode eight miles to her destination without protest on her part and there was no discomfort to her in so doing a judgment against the carrier for one hundred dollars was not warranted.

APPEAL from the circuit court of Tishomingo county. HON. CLAUDE CLAYTON, Judge.

Suit by Mrs. Harriet Shackleford against the Illinois Central Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes & Mayes* and *J. M. Boone,* for appellant.

*W. L. Elledge,* for appellee.

POTTER, J., delivered the opinion of the court.

This is an appeal from the circuit court of Tishomingo county.

Some time in June, 1913, Mrs. Harriet Shackleford purchased a first-class ticket over the Illinois Central Railroad from Dennis, Miss., to Paden, Miss., two stations on said railroad about eight miles apart. Mrs. Shackleford on the day in question had been to a singing entertainment being held at Dennis, and because quite a number of people wanted to return, a request was made of the Illinois Central Railroad Company, the defendant, through its agents, to have its fast train that runs from Chicago, Ill., to Jacksonville, Fla., stop at Dennis, a place that it did not usually stop, in order to accommodate the crowd who had gone to the entertainment in question at Dennis. The plaintiff, Mrs. Shackleford, came to Dennis from her home at Paden in the morning in her buggy, but, being sick with a headache, she concluded to return home on the train with the crowd of people who were returning by rail.

When Mrs. Shackleford and her companions boarded the train that had stopped for their accommodation, according to their testimony, the conductor on the train directed  them to the left hand, and  that  this way led them through a part of a coach provided for negroes into another part thereof partitioned off from the negro coach as a baggage car, and that in this coach the plaintiff and her companions, who held first-class tickets, rode from Dennis to Paden, a distance of about eight miles. There was some evidence that the passengers experienced a disagreeable sensation of smelling bad odors as they passed through the negro coach, and that in the baggage coach was the grime and dirt usually found in a baggage

coach.   The railroad company defended its action in put-ting the passengers in question in the baggage coach on the ground that the first-class passenger coaches were filled up.   There was evidence that this was not true, but however that may be, the plaintiff in this case was surrounded by her good friends, a jolly crowd returning from a social gathering, and the disagreeable features of the trip were trifling and were probably offset by the nov-elty of the situation enjoyed perhaps by every one of the passengers on their trip to Paden.   The good lady did not protest when shown this place to ride, and in view of the fact that she did not herself protest against riding in this car, and in view of the fact that the entire trip only consumed fifteen minutes, and no negligence is shown, we are of the opinion that the judgment rendered in the court below for one hundred actual and punitive dam-ages is erroneous.

*Reversed and dismissed.*